### EMERSON BRANTINGHAM COMPANY *v.* GROWE.

[No. 24,097.   Filed February 17, 1922.]

1. **MASTER AND SERVANT.**—*Injuries to Servant.*—*Negligence.*—
*Complaint.*—*Sufficiency.*—In a servant's action against the mas-
ter for the loss of an eye, destroyed by a sliver of metal flying
from a steel brace which plaintiff was assisting in trimming,
allegations in a paragraph of complaint as to plaintiff's in-
experience and ignorance of the danger, the negligent failure
of defendant's foreman to give him warning, etc., *held* to suf-
ficiently charge negligence to state a cause of action at com-
mon law.   p. 567.

2. **MASTER AND SERVANT.**—*Injuries to Servant.*—*Employers' Lia-
bility Act.*—*Complaint.*—*Assumption of Risk.*—In a servant's
action against the master for personal injuries, a complaint
alleging that defendant employed more than five persons, that
plaintiff was under the control and supervision of appellant's
foreman, and subject to his orders and authority, and that the
foreman ordered plaintiff and others to trim up steel braces,
at which work plaintiff was engaged when his eye was injured
by a metal sliver, do not show that plaintiff was not charge-
able with assumption of risk under §3 of the Employers' Lia-
bility Act (Acts 1911 p. 145, §8020a *et seq.* Burns 1914), in

the absence of an allegation that the foreman directed plaintiff and his fellow servants to do the work in the particular manner in which it was being done at the time of the injury. p. 568.

3. MASTER AND SERVANT.—*Injuries to Servant.—Negligence.— Failure to Furnish Servant with Protective Device.*—In a servant's action for the loss of an eye, destroyed by a metal sliver flying from a steel brace which he was trimming, averments in the complaint that it was practicable for defendant to supply appellee with goggles, are insufficient to charge defendant with negligence, in the absence of allegations showing that the duty to supply such protective devices had been imposed by custom or contract, either express or implied, since there is no statute or common-law rule requiring them to be furnished by the employer. p. 569.

4. PLEADING.—*Complaint.—Personal Injuries.—Conclusions.*—In a servant's action for personal injuries, an averment in the complaint that defendant employer failed to provide "some other device, for the protection of the workmen, though it was practicable to do so," is not the statement of a fact. p. 569.

5. PLEADING.—*Complaint.—Immaterial Averments.—Evidence.—* Allegations in a complaint for personal injuries which were not material to the cause of action stated therein did not authorize the introduction of evidence of the facts so alleged, nor the recovery of damages based on such evidence. p. 569.

6. MASTER AND SERVANT.—*Injuries to Servant.—Negligence.— Complaint.—Sufficiency.*—In a servant's action against the master for the loss of an eye, which was struck by a metal sliver, a paragraph of complaint alleging that defendant's foreman, with knowledge of the danger to workman from flying slivers of metal, directed plaintiff to assist in trimming steel braces, with averments of what it was necessary to do in performing the work, but without allegations that the foreman directed plaintiff how to do the work or had knowledge of plaintiff's ignorance of the danger from flying slivers, *held* not to charge actionable negligence, either at common law or under the Employers' Liability Act (Acts 1911 p. 145, §8020 *et seq.* Burns 1914.) p. 570.

7. DAMAGES.— *Personal Injuries.— Loss of Eye.— Evidence of Trouble with Remaining Eye.—Admissibility.*—In an action for personal injuries, where the complaint alleged that plaintiff's right eye was destroyed and that his eyesight had been greatly and permanently impaired as the result of the loss of his eye and was weak and uncertain, it was not error to permit plaintiff to testify to trouble he had experienced since the accident with his remaining eye. p. 570.

8. MASTER AND SERVANT.—*Injuries to Servant.*— *Evidence.*— *Other Methods of Doing Work.*—In a servant's action for injuries sustained while assisting in trimming steel braces with a chisel and a sledge hammer, where no issue was presented as to the possibility or desirability of trimming them with shears instead of the method employed, it was error to permit witnesses for plaintiff to testify that they had never trimmed braces on an anvil, as was being done at the time of plaintiff's injury.  p. 571.

9. APPEAL.—*Review.*—*Admission of Incompetent Evidence.*—In a servant's action against the master for personal injuries, the improper admission of· testimony by plaintiff's witnesses that they had never trimmed steel braces with a cold chisel and a hammer, as was being done at the time of plaintiff's injury, was prejudicial to the master, where the plaintiff had testified that the foreman stated, in giving the order for the performance of the work, that they were in a hurry for the braces, and his counsel argued on appeal and presumably at the trial that the method followed was adopted to avoid delay in waiting for the tools usually employed.  p. 571.

10. MASTER AND SERVANT.—*Injuries to Servant.*—*Negligence.*— *Evidence.*— *Failure to Furnish Protective Device Designed After Accident.*—In a servant's action for the loss of an eye, struck by a steel sliver, testimony by a witness for plaintiff that a guard· similar to that shown by plaintiff's attorney would have prevented the injury was incompetent, where the device was one designed by the attorney after the accident, since the master was only required to use ordinary care to provide safe appliances, in the absence of statutory direction, and was not liable for failure to use a device not yet invented at the time of the accident.  p. 572.

11. MASTER AND SERVANT.—*Injuries to Servant.*—*Use of Protective Devices.*—*Dangerous Employment Act.*—Section 4 of the· Dangerous Employment Act (Acts 1911 p. 597, §3862a *et seq.* Burns 1914), requiring the employer to use "every device, care and caution which it is practicable and possible to use for the protection and safety of life and limb," is merely declaratory of the common law, and requires only the exercise of ordinary care to provide such devices, but does not impose an absolute duty to use them.  p. 572.

12. TRIAL.—*Instructions.*—*Failure to Limit Recovery to Negligence Alleged.*—In a servant's action for personal injuries, an instruction that, if the jury found that plaintiff was employed by defendant as alleged in the complaint and that his injury resulted from the negligence of defendant or its agents, employes or officers, or by reason of any defect, mismanagement

or insufficiency due to its or their carelessness, negligence, fault or omission of duty, and that plaintiff was not contributorily negligent, defendant was liable, was erroneous as failing to limit recovery to negligence alleged in the complaint. p. 572.

From Jackson Circuit Court; *Oren O. Swails,* Judge.

Action by Arthur C. Growe against the Emerson Brantingham Company. From a judgment for plaintiff, the defendant appeals. (Transferred from the Appellate Court under §1394, cl. 2, Burns 1914, Acts 1901 p. 567, §10.) *Reversed.*

*A. T. Connor* and *Montgomery & Montgomery,* for appellant.

*Cox & Phillips,* for appellee.

EWBANK, C. J.—Appellee recovered a judgment against appellant for damages for the loss of an eye, alleged to have been destroyed by a flying sliver of steel when "a cold cut," or chisel was struck by a sledge hammer in appellant's factory. Appellant has assigned as error the overruling of its demurrers to each of the amended first paragraph and the second paragraph of the complaint, and of its motion for a new trial.

The amended first paragraph of the complaint alleged, among other things, that the appellant was a corporation engaged in manufacturing farm implements

1. at Columbus, Indiana, and had in its employ in said manufacturing business more than five persons; that its foreman (naming him) under whom appellee was working ordered appellee to assist certain other employes of appellant, also under the control of said foreman, to trim up some steel braces for gas engine wheels; that in trimming such braces slivers or pieces of steel would fly from them and strike the workmen who were trimming them in the face and eyes, which fact was known to the foreman but was unknown

to appellee; that appellee had never engaged or assisted in the work of trimming braces before, and had no means of knowing and did not know that pieces of steel would fly therefrom when they were being trimmed, nor that the work was dangerous, but that said facts were known to said foreman; that by the use of goggles the flying slivers could have been prevented from striking appellee in the eyes, but said foreman negligently failed to tell appellee of the danger and negligently ordered him to do said work without giving him any warning of the danger; that appellee had been in appellant's employ four months and all that time had worked in appellant's blacksmith shop, doing such work as said foreman directed; that while he was trimming such braces in obedience to said order a sliver of steel flew from a brace and struck appellee in the eye, and caused the injury sued for; and that said injury was caused by the said negligence of the foreman in failing to warn appellee that slivers of steel would fly from the braces while they were being trimmed. The ignorance and inexperience of appellee, and the fact that the minute pieces of flying steel and the danger of injury from them were not open to observation by one who was ignorant and inexperienced might be more clearly stated, but we think the allegations as to these facts, together with the allegation of a failure to warn appellee, sufficiently charged negligence to make out a cause of action at common law, as against a general demurrer. The court did not err in its ruling on this demurrer.

Averments in this paragraph that appellant employed more than five persons, that appellee was under the control and supervision of appellant's foreman, and subject to his orders and authority, and that the foreman ordered appellee and his companions to "trim up braces," at which work he was employed when injured, are relied on by appellee as pleading facts under

which he would not be chargeable with assumption of the risks of such employment (§8020c Burns 1914, Acts 1911 p. 145, §3). But it is not alleged that the foreman told him and his companions to use a cold cut or a sledge hammer in trimming the braces. *Southern Ind. R. Co.* v. *Harrell* (1903), 161 Ind. 689, 694, 68 N. E. 262, 63 L. R. A. 460; *Richey* v. *Cleveland, etc., R. Co.* (1911), 176 Ind. 542, 548, 96 N. E. 694, 47 L. R. A. (N. S.) 121.

Further averments that it was practicable for appellant to supply appellee "with goggles or some other device" to prevent the flying slivers from striking 3. him in the eyes do not make out a cause of action for negligence. There is no statute which requires goggles to be furnished by the employer, the facts alleged do not show that any duty to supply them had been imposed by custom or contract, either express or implied, and no such duty was imposed by the common law in the absence of a contract. *Myers* v. *W. C. De Pauw Co.* (1894), 138 Ind. 590, 593, 38 N. E. 37.

The averment that appellant failed to provide "some other device" for the protection of the workman, though it was practicable to do so, is not the statement 4. of any facts at all. Appellee's argument in support of the complaint as stating a cause of action under the Dangerous Employment Act (§3862d Burns 1914, Acts 1911 p. 597, §4) and the Employer's Liability Act (§8020a *et seq.* Burns 1914, Acts 1911 p. 145) is sufficiently answered by the opinion of this court in a case recently decided. *Cleveland, etc., R. Co.* v. *Ropp* (1921), 190 Ind. 115, 129 N. E. 475.

These averments as to the alleged order given by the foreman, and the failure of appellant to provide "goggles or some other device," were not material to 5. the only cause of action stated in said paragraph, and did not authorize the introduction of evi-

dence of the facts so alleged, nor the recovery of damages based on such evidence.

The second paragraph of the complaint alleged substantially the same facts as the amended first paragraph except that it said nothing about the "goggles or 6. other device * * * to prevent slivers or pieces of steel from striking plaintiff in the eyes," and did not charge a negligent failure to warn appellee of the danger. The only negligence which it attempted to charge was that the foreman, with knowledge of the danger that slivers of steel would fly up into the face and eyes of the person striking a cold cut with a sledge hammer, ordered and directed appellee to assist the other workmen "to trim up braces for gas engines." There were some averments as to what "it was necessary" to do in trimming up the braces, and there was an averment that appellee did not know the pieces of steel would fly nor that the work was dangerous. But it was not alleged that the foreman nor anybody directed appellee how to do the work, nor that the foreman or the appellant had knowledge of his alleged ignorance of the danger. Merely giving a general order to trim up the braces, under the circumstances alleged, was not actionable negligence, either at common law or under the Employers' Liability Act, *supra*. The court erred in overruling the demurrer to the second paragraph of the complaint.

The only sufficient paragraph of the complaint alleged that plaintiff's right eye was destroyed and that his "eyesight has been greatly permanently impaired 7. by the loss of said eye, and as a result of said injury his sight is weak and uncertain and he is unable to see or to judge distance clearly and distinctly." When appellee was testifying as a witness his attorney asked him the question: "If you had any

trouble with your eyesight in the remaining eye, since the injury, explain what it is?" Over an objection and exception by appellant he was permitted to answer. This was not error.

Appellee asked one of his witnesses if he had ever trimmed braces with shears in that factory before appellee was injured, and over an objection and

8. exception by appellant the witness testified that he had, but had "never trimmed braces on the anvil" before the injury. A similar question was asked and answered, over an objection and exception, on the cross-examination of one of appellant's witnesses. This was error. No issue was presented as to the possibility or desirability of trimming the braces with shears instead of a cold cut.

Appellee suggests that the ruling was harmless. But the record shows that at the trial appellee testified that when the foreman ordered the braces to be

9. trimmed he added that "we are in a hurry for them," and in his brief on appeal appellee stressed that statement, and argued that appellant had shears for this work, but as they were in use and the foreman was in a hurry he called appellee to assist in trimming the braces in a manner appellee had never seen used. It is fair to infer that a similar argument was made before the jury. All this was a material variance from the allegations of the complaint, and should not have been permitted. There was no allegation that there was a safe way to do this work and that the appellant negligently chose a dangerous method. A party cannot allege one state of facts and recover upon proof of facts that are altogether different. *Terre Haute Electric Co.* v. *Roberts* (1910), 174 Ind. 351, 354, 91 N. E. 941.

A witness for the appellee was permitted, over ob-

jections and exceptions by appellant, to testify that a shield or screen could be put over the cold cut to keep the slivers from flying up, and that a certain device of wire fashioned by one of appellee's attorneys in his law office after appellee was injured, which was produced before the jury, would accomplish that result, by slipping it over the handle of the cold cut; though the witness testified that he never before saw a screen like that in a factory, nor any place except in the law office of the attorney, who had "studied it out." This was error. An employer is only required to exercise ordinary care to provide safe appliances where the statute has not prescribed what he shall use. He is not liable in damages because of failure to use some device, however good, that had not yet been invented at the time a servant was injured.

The statute relied on by appellee as imposing an absolute duty to use "every device, care and precaution which it is practicable and possible to use for the protection and safety of life and limb" (§3862d Burns 1914, *supra*) is merely declaratory of the common law, and means only that the employer shall exercise care to provide such devices. *Cleveland, etc., R. Co.* v. *Ropp, supra.*

That an instruction given by the court declaring the duty of the employer in the language of §4 of the Dangerous Employment Act (Act 1911 p. 597, *supra*) was erroneous has been recently decided. *Cleveland, etc., R. Co.* v. *Ropp, supra.* The court also gave an instruction as follows: "If you find from the evidence that plaintiff was injured while in the employ of defendant, as alleged in his complaint, and if you find that at the time of such injury said defendant was a corporation engaged in the manufacturing business within this state, and had in its employ five or more persons, and if you further find that such injury re-

sulted from the negligence of said defendant, its agents, servants, employes or officers, or by reason of any defect, mismanagement or insufficiency due to its or their carelessness, negligence, fault or omission of duty, and that the negligence of plaintiff did not proximately contribute to said injury, then I instruct you that said defendant is liable and must respond in damages." This instruction wholly ignored the rule that a plaintiff must recover, if at all, upon proof of the facts alleged in his complaint, and cannot recover by proving another and different cause of action. *City of Union City* v. *Murphy* (1911), 176 Ind. 597, 96 N. E. 584; *Cincinnati, etc., R. Co.* v. *McLain* (1896), 148 Ind. 188, 44 N. E. 306; *Brown* v. *Will* (1885), 103 Ind. 71, 2 N. E. 283.

Appellee suggests that the first clause refers to an injury inflicted in the manner and by the means alleged in the complaint. But it does not say that, and the further direction to find for the plaintiff if the injury resulted from negligence of the defendant, its agents, servants, employes or officers, or by reason of any defect, mismanagement or insufficiency due to any fault or omission on the part of any of them, was very much broader than the alleged negligence of the foreman in failing to warn appellee of the danger from flying particles of steel when the cold cut was struck by a hammer, which was the only negligence sufficiently charged in the complaint. The court committed an error in giving this instruction.

The other questions argued by counsel may not arise upon a retrial of the case.

The judgment is reversed, with directions to sustain appellant's demurrer to the second paragraph of the complaint.