LINN GROVE LIGHT AND POWER COMPANY *v.* FENNIG.

[No. 12,478.    Filed January 25, 1927.    Rehearing denied May 12, 1927.]

1.    ELECTRICITY.—*Complaint held sufficient to show negligence in not insulating wire of high voltage across highway.*—A complaint alleging that the plaintiff was injured by coming into contact with an uninsulated electric wire carrying a high voltage of electricity stretched across a highway, along which the plaintiff was assisting in moving a house, was sufficient although it did not allege that it was possible to insulate the wire without interfering with its use, as §4443 Burns 1926 is mandatory in requiring that such wires shall be fully and completely insulated at all points where the public is liable to come into contact therewith.    p. 172.

2.    ELECTRICITY.—*Statute requires electric wires of dangerous voltage to be insulated where dangerous to the public.*—The requirement of §4443 Burns 1926 that, in the transmission and use of electricity of a dangerous voltage, full and complete insulation must be provided at all points where the public is liable to come into contact with the wires is not limited to situations and conditions where such insulation is possible or practicable.    p. 172.

3.    ELECTRICITY.—*Testimony that wires could not have been insulated not admissible where statute required it.*—In an action for personal injuries resulting from coming into contact with an uninsulated wire suspended over a highway, along which plaintiff was assisting in moving a house, testimony of experts that the wire could not have been insulated so as to have prevented the current from passing therefrom to a person coming into contact with it was not admissible, as the statute (§4443 Burns 1926) is mandatory in requiring full and complete insulation.    p. 174.

4.    APPEAL.—*Error in giving or refusing instructions not presented when all instructions given not set out in appellant's brief.*—No question is presented as to giving or refusing instructions when appellant has not set out in his brief all instructions given, as cl. 5 of Rule 22 of Supreme and Appellate

Courts, as amended January 1, 1924, expressly provides that, when the action of the court in giving or refusing to give instructions is challenged, all instructions given must be set out in appellant's brief (*Simplex, etc., Appliance Co.* v. *Western, etc., Belting Co.,* 173 Ind. 1, and *Western, etc., Indemnity Co.* v. *Couch,* 70 Ind. App. 684, explained). p. 174.

From Adams Circuit Court; *Jesse C. Sutton,* Judge.

Action by Edward Fennig against the Linn Grove Light and Power Company. From a judgment for plaintiff, the defendant appeals. *Affirmed.* By the court in banc.

*Fruchte & Litterer* and *Elmer E. Stevenson,* for appellant.

*Clark J. Lutz* and *Earl B. Adams,* for appellee.

McMAHAN, C. J.—Appellee recovered judgment because of an injury received by coming in contact with an uninsulated electric wire belonging to appellant. Appellant owned and operated a line of poles along a public highway on which poles were strung bare uninsulated wires carrying 6,600 volts of electricity. Appellee was engaged in moving a house along the highway, and, in order that the house might pass under certain guy wires which were not far enough from the ground to permit the passage of the house, he climbed on the roof of the house to raise the guy wire, and in so doing accidentally came in contact with one of the uninsulated electric wires which was about three feet above the guy wire and the roof of the house, and thereby received an electric shock which resulted in a serious injury.

Appellant contends its demurrer to the complaint and its motion for new trial should have been sustained because there is no allegation in the complaint, nor any evidence to prove, that it was possible to insulate the wire in question so as to have prevented the electric current from passing to and injuring appellee without

interfering with the use of such wire for carrying electric current.

Section 4443 Burns 1926, §3862d Burns 1914, §4, Acts 1911 p. 597, provides among other things as follows: "It is hereby made the .duty of all owners, contractors, sub-contractors, corporations, agents or persons whatsoever, engaged  *  *  *  in the transmission, generation or use of any electricity or other power,  *  *  * to see and to require  *  *  *  that in the transmission and use of electricity of dangerous voltage full and complete insulation shall be provided at all points where the public or other employees of the owner, contractor, sub-contractor, transmitting or using said electricity, are liable to come into contact with the wire or wires,  *  *  *;  and, generally, it shall be the duty of all owners, managers, operators, contractors, sub-contractors, and all other persons having charge of, or responsible for, any work, mechanism, machinery, appliance, building, factory, plants, means, employment, or business of ˙whatsoever nature, involving risk or dangers to employees, or to the public, to use every device, care and precaution which it is practicable and possible to use for the protection and safety of life, limb and health, limited only by the necessity for preserving the reasonable efficiency of such structure, ways, work, plant, building, factory, elevator, cars, engine, machinery, appliances, apparatus, or other devices or materials, without regard to additional cost of suitable materials or safety appliances, or safe conditions, or operations, the first concern being safety to life, limb, and health."

Appellee's complaint and cause of action is grounded on the first part of the above section, which makes it the duty of any person engaged in transmitting electricity of dangerous voltage to see that full and complete insulation shall be provided at all

1, 2.

points where the public are liable to come in contact with the wires. *City of Decatur* v. *Eady* (1917), 186 Ind. 205, 115 N. E. 577; *Cleveland, etc., R. Co.* v. *Ropp* (1921), 190 Ind. 115, 129 N. E. 475; *Emerson Brantingham Co.* v. *Growe* (1922), 191 Ind. 564, 133 N. E. 919, and similar cases cited by appellant are not decisive of the question involved. None of the cases cited undertakes to construe the part of said section now under consideration. Some of the cases cited refer to the last part of the section and hold that part to be simply declarative of the common law. Our attention has been called to no case holding the provision concerning the insulation of electric wire is simply declaratory of the common law, and we know of no decision so holding. The Supreme Court, in *Terre Haute, etc., Traction Co.* v. *Hayes* (1924), 195 Ind. 638, 145 N. E. 569, after quoting §4443, *supra,* held that a complaint which charged that an employer required an employee, in the discharge of his duties, to go into a room where there were wires carrying a high and dangerous current of electricity and which were not insulated, charged negligence. And, on the authority of that case, we hold the complaint in the instant case charged negligence. We also hold the evidence sufficient to sustain the verdict. This statute is mandatory in form, and requires that in the transmission and use of electricity of a dangerous voltage, full and complete insulation must be provided at all points where the public is liable to come in contact with such wires. This requirement is not limited to situations and conditions where such insulation is possible or practicable. The appellant was not compelled or required to maintain its wires along or across a public highway where the public was liable to come into contact with them. Its act in erecting and maintaining the wires was voluntary, and it did so with knowledge of the requirements of the statute. In

suspending the uninsulated wires across the highway, it did so at its peril.

Appellant offered to prove by two witnesses who qualified as experts, that the wire in question could not have been insulated so as to have prevented the 3. current from passing therefrom to a person coming in contact with it. It follows from what we said in relation to the action of the court in overruling the demurrer, that the action of the court in refusing to admit the testimony of these two witnesses does not constitute reversible error.

Complaint is also made of the action of the court in giving and in refusing to give certain instructions. Appellee calls attention to the fact that appellant 4. has not set out in its brief all of the instructions which were given, and insists that no question is presented concerning the giving or refusing to give instructions. This contention is well taken. Clause 5 of Rule 22 of the rules of this court and of the Supreme Court, as amended January 1, 1924, expressly provides that, when the action of the court in giving or refusing to give instructions is challenged, all instructions given must be set out in appellant's brief. Appellant cites *Simplex, etc., Appliance Co.* v. *Western, etc., Belting Co.* (1909), 173 Ind. 1, 85 N. E. 715, and *Western Life Indemnity Co.* v. *Couch* (1919), 70 Ind. App. 684, 123 N. E. 11, in support of the proposition that it is not necessary to set out in the brief all instructions given and that it is only necessary to set out those of which complaint is made. The rule as announced in these cases was changed January 1, 1924, since which time, a party desiring to present any question concerning the giving or the refusal to give instructions must set out in his brief all instructions given.

Judgment affirmed.