KENT *v.* INTERSTATE PUBLIC SERVICE COMPANY.

[No. 13,265. Filed October 24, 1929. Rehearing denied February 28, 1930. Transfer denied May 18, 1933.]

14

*Sloan & Rasor, Dudley M. Shively* and *Walter R. Arnold,* for appellant.

*Lloyd L. Burris, Frazer & Headlee* and *William P. Evans,* for appellee.

*Grover Bishop* and *James J. Moran, amici curiae,* in support of appellant.

*James W. Fesler, Harvey J. Elam, Howard S. Young,* and *Irving M. Fauvre, amici curiae,* in support of appellee.

NICHOLS, J.—Appellant, at the time of the accidental death of her fourteen-year-old son, was his sole custodial parent. This action by her against appellee is for his death caused by his coming in contact with an uninsulated electric transmission wire maintained by appellee in a public highway directly paralleling and within thirty inches of a large iron bridge girder and trusswork forming the side and east upright of a bridge, but approximately twenty feet above the floor, to the top of which girder the son had climbed. There was a trial which resulted in a verdict and judgment for appellee.

The sole error assigned by appellant is that the trial court erred in overruling her motion for a new trial, presenting that the court erred in giving to the jury, at the close of appellant's evidence, on motion of appellee, an instruction directing the jury to return a verdict for appellee.

Appellant's bill of exceptions, purporting to contain the evidence, refers to certain documents as follows: "That plaintiff's and defendant's exhibits 1, 2, 3 and 4 which are received in evidence on agreement, fairly represent, from the angles from which they are taken, the situation."

But these exhibits, thus shown to have been received in evidence, are not in the bill of exceptions, nor are they elsewhere referred to or described therein. Thus the bill of exceptions affirmatively discloses that it does not contain all of the evidence given in the cause, and appellee contends that this court can not pass on the question presented because to do so would require a consideration of the evidence. This question was considered and decided in *Wabash, etc., Cement Co.* v. *Evarts* (1923), 79 Ind. App. 371, 135 N. E. 491, 801, where it was held by this court that it is the general rule that where a question presented depends upon the evidence, the record should contain all the evidence, but where there are questions to be decided that do not depend on the omitted evidence, the rule does not apply. We are not called on here to determine whether the evidence is sufficient to sustain the verdict, or whether the verdict is contrary to law, which questions will not be decided in the absence of any of the evidence. The question here to be determined is not the sufficiency of the evidence, but whether there was any evidence that supports the averments of appellant's complaint, and if there is any such evidence then the motion to direct the verdict should be denied and the question of fact should be submitted to the jury. We can determine as to whether there is any evidence to sustain the averments of the complaint without the omitted exhibits, and therefore appellee can not prevail in its contention in this regard.

Where there is no conflict in the evidence and it is susceptible of but one inference and that inference is favorable to the defendant, then a motion to direct a verdict for the defendant should be sustained. Otherwise it should be overruled. *Baker* v. *Bundy* (1913), 55 Ind. App. 272, 103 N. E. 668.

It was stipulated between the parties that on August

16, 1924, appellee was maintaining electrical transmission lines along and on the east side of the River Road north of the city of Goshen, said River Road being a public highway and an extension of Indiana Avenue in said city; that said road approaches and crosses over a certain iron support bridge with a fifteen-foot fairway or roadway on boards, said bridge crossing over Rock Run Creek, which runs east and west, the length of the bridge being approximately sixty or seventy feet. On each side of said bridge, the trusswork consists of steel girders, the top girders being nineteen feet and six inches above the floor of the bridge and horizontal with the roadway, said bridge running north and south. Leading to said girders on the top of said bridge is an oblique girder from the south end of the bridge to the top of the horizontal girder, and from the north end of said bridge to the top of said horizontal girder. Said electrical transmission wires are located directly east, running parallel with said bridge, two wires running parallel, one to the east of the other, the west wire being twenty to twenty-four inches east of the east edge of said horizontal girder and twelve to fourteen inches higher, running parallel therewith the length of said bridge; that said wires at said time were uninsulated and conducted a voltage of approximately 2300 volts of alternating sixty cycle current.

The distance between the top of the water of the creek and the floor of said bridge is between eleven and fourteen feet.

Howard D. Kent, the deceased, on the day in question, approached said bridge from the south and proceeded to clamber or climb on the oblique girder on the southeast corner of said bridge toward the horizontal girder on top.

It appears by the evidence that at the time of his death he was fourteen years and five months old, was

in perfect health, and was about to commence in the ninth grade of school. He and his brother Graham were taking a walk along with their mother, appellant herein, he lagged behind and appellant and Graham had walked over the bridge and beyond it a distance of 300 feet when they turned and saw him when he was on top of the girder and when he fell. There was a vibration like a wire when it is hit, a long flash was seen, and Howard fell immediately thereafter. Appellant did not know that Howard was climbing the bridge until she looked around. It was a cloudy day and raining a mild drizzling rain at the time of the accident.

It was a common occurrence for boys to climb to the top of the girder and over the top of the bridge, generally hunting for birds' nests. An expert electrician testified that there was no scientific reason why the line could not have been partly insulated, that is, from a point opposite the south end of the bridge to the north end of the bridge, so that it could not produce a shock, and that there was no practical reason why a wire could not be insulated for a short distance, outside of the cost of construction. The foregoing is a statement substantially of all the facts involved. There is no evidence that there was any connection or contact whatever between appellee's wires and the bridge.

It is undoubtedly the law as stated by appellant, that it is the duty of all corporations engaged in the transmission of any electricity to see and to require that in its transmission full and complete insulation shall be provided at all times when the public is liable to come into contact with such wires and to use every device, care and precaution which it is practicable and possible to use for the protection and safety of life, limb and health, limited only by the necessity for preserving the reasonable efficiency of such appliances, and without regard to the cost of suitable

materials, or safety appliances or safe conditions or operations, the first concern being to life, limb and health. Sec. 4443, Burns 1926, Acts 1911, ch. 36, p. 597; *Linn Grove Light & Power Co.* v. *Fennig* (1927), 86 Ind. App. 170, 154 N. E, 877; *Terre Haute, etc., Traction Co.* v. *Hays* (1925), 195 Ind. 638, 145 N. E. 569.

If the person injured had been a workman constructing or repairing the bridge, and as such rightfully on the girder, we would have a different question to consider, one which under the circumstances here we do not need to decide. But appellant's . decedent was a bright healthy boy aged fourteen years and five months at the time of his injury and therefore *sui juris* under the law of Indiana, and chargeable as a matter of law with the consequences of his acts as an adult. *Bottorf* v. *Smith Const. Co.* (1916), 184 Ind. 221, 226, 110 N. E. 977.

He had no right to be where he was when injured, and appellee was not required to anticipate his presence in such a perilous place.

The undisputed evidence shows that boys were not accustomed to resort to the bridge in question by reason of any attraction in the property of appellee nor of any feature connected therewith, but rather to clamber on said bridge in pursuit of birds' nests which were not matters for the existence of which appellee was in any manner responsible. Whatever may have been the boy's motive in climbing to the girder, it is certain that he had no legitimate business up there. He was simply there without right. When he left the floor of the bridge he became a trespasser to whom no one owed a duty except not wilfully to injure him. His conduct was negligent, and if it be said that appellee was negligent in not insulating its wires, it must be held that the boy, being *sui juris,* was guilty of contributory negligence. This precise question is

dealt upon at length in *Graves* v. *Washington Water Power Co.* (1906), 44 Wash. 675, 87 Pac. 956, 11 L. R. A. (N. S.) 452, where it was held that there was no right of recovery. We conclude not to quote from the case, but to approve its reasoning as conclusive of the question here involved.

Appellant relies upon *Ft. Wayne, etc., Trac. Co.* v. *Stark* (1921), 74 Ind. App. 669, 127 N. E. 460, but the facts in that case differ from the case at bar.

There the wires in question ran through and were hidden among the branches of a small tree easily climbed by small boys and were so situated that anyone in the act of ascending the tree would be liable to come in physical contact with them, or in electrical contact with them through the medium of the defective insulation enabling the current to be transmitted downward through the tree, a condition of which appellant in that case was chargeable with knowledge which carried the correlative duty of insulation under the statute.

Here the wires were not hidden and were so situated above and about 24 inches away from the east girder of the bridge and 19 feet above the floor of the bridge, where it was perilous for any one to climb, so that appellee was not required to anticipate that anyone, much less a trespasser, could or would come in contact therewith.

In the above mentioned case, the injured child was but nine years of age, and because of his tender years, possessed no understanding of the character of the wire. No element of contributory negligence seems to have been involved.

Here appellant's decedent was a boy fourteen years and five months old who had completed his common school education and was *sui juris* under the law of

Indiana. He was held responsible for his acts as an adult.

Under the facts of this case the court did not err in directing a verdict.

Affirmed.