WAYNE STEWART *v.* JONATHAN C. JEFFRIES B/N/F HARVEY J. JEFFRIES AND MOTOR VEHICLE CASUALTY COMPANY.

[No. 1-973A161. Filed April 10, 1974. Rehearing denied May 15, 1974. Transfer denied August 26, 1974.]

*Kightlinger Young Gray & DeTrude,* of Indianapolis, *Harding, Harding & Henthorn,* of Crawfordsville, *Michael D. O'Neal, Foley Berry & Tulley,* of Crawfordsville, for appellant.

*James E. Ayers, Wernle, Ristine & Milligan,* of Crawfordsville, for appellees.

LOWDERMILK, J.—Plaintiff-appellee was awarded a judgment for $30,000 for personal injuries suffered by him.

The court duly entered a judgment on the verdict which was followed by the timely filing of a motion to correct errors which was overruled and the case is now before us for review.

Defendant-appellant delivered a dump truck load of fill

gravel to plaintiff-appellee's father's farm to fill one of two hog wallows. Appellant had been informed by appellee's father at the lumber yard, where the material was picked up, how to enter the farm to dump the materials. He was instructed to enter the farm through a gate just off the public highway, but instead he drove to the barn lot gate which was inadequate for the truck to pass through.

Appellee's older brother had ridden with appellant from the lumber yard to the farm and got out of the truck at the barn lot gate. At this point the brother told the appellee to accompany appellant and open the gate along the road. Appellee got on the running board of the truck and rode out to the gate on the public highway, where he stepped from the running board and opened the gate. Appellant testified that before appellee opened the gate he had told the boy to leave the gate open, that he would be right back. The boy knew there were shoats in the field which might get out and he shut the gate. He also thought it would take the appellant longer to get down and get the gravel unloaded than appellant believed, and he also was under prior instructions from his father to point out to the appellant the one of two hog wallows which was to be filled. The older brother had already informed the appellant which hole was to be filled but the same was not within the knowledge of appellee.

Appellant drove very slowly after going through the gate and appellee, having been permitted to ride on the running board before and never having been told by the appellant not to climb thereon or to get off or stay off, thought it would be permissible to jump back on and ride to the place of the dumping. He pursued the slow moving truck to jump on the running board and tried to jump too far, missed it, fell under the truck and was run over by the rear wheels. He had never been told by the appellant he should not get on or off of the truck until it was stopped. Appellant did not testify that he told appellee to remain at the gate until he came back. The appellee could have reasonably believed the appellant was

driving slowly in order that appellee could run and get on the running board of the truck to ride to the wallow where the truck was to be unloaded.

Appellee was a boy of normal mentality, but immature.

Appellant's truck had a mirror on the right side and he was turning to his right after passing through the gate but did not look in the mirror to see where the appellee was standing or what he was doing.

The first issue presented here is that the court erroneously submitted the question of contributory negligence to the jury because there was sufficient evidence to show that as a matter of law appellee was of sufficient age, understanding and experience to appreciate the danger and was guilty of contributory negligence and incurred the risk of his injury.

Appellee did admit on cross examination that he actually recognized the danger involved in jumping on the truck while it was moving and that he might get hurt.

To support this theory and contention appellant relies on the case of *Dull* v. *Cleveland, C. C. & St. L. Ry. Co.* (1898), 21 Ind. App. 571, 52 N.E. 1013, wherein plaintiff's decedent was a seven year old girl who stood on the railroad tracks waving at the passengers of a train passing in the opposite direction of that in which the defendant's train was traveling. The evidence in this case showed that the little girl lived in the vicinity of and was familiar with the tracks and the movements of trains and frequently crossed the track on errands without assistance, fully understood the dangers of standing on railroad tracks and was vigorous and intelligent for a child seven years of age. Notwithstanding the verdict for the plaintiff the trial court rendered judgment for the defendant and the Appellate Court affirmed, holding that the child was guilty of contributory negligence as a matter of law even though the jury, by interrogatories, found that the plaintiff had exercised the care expected of one her age.

The next case relied on by appellant is *Indianapolis Traction and Terminal Company* v. *Croly* (1911), 54 Ind. App. 566, 96 N.E. 973, wherein the plaintiff, an eleven year old girl, stepped in front of defendant's train. Judgment was rendered in her favor and reversed for the reason that the eleven year old girl was guilty of contributory negligence as a matter of law since the facts led to the conclusion that the child did possess sufficient understanding of the danger and clearly did not exercise reasonable care of a child of like age and experience.

In *Kent* v. *Interstate Public Service Company* (1932), 97 Ind. App. 13, 168 N.E. 465, plaintiff's decedent was a fourteen year old boy who was on the top of a bridge and contacted defendant's power line at nineteen feet and was killed. This court held as a matter of law that the child was *sui juris* and was responsible for his actions and that he was contributorily negligent as a matter of law.

The railroad cases relied on by appellant are different factually from the case at bar.

A careful review of the cases cited include the fact that the child was *sui juris,* realized the danger, and was properly chargeable with contributory negligence as a matter of law. In those cases reasonable men would be expected to come to but one conclusion which was that the child had the ability to realize and appreciate the danger and that the conduct was below that of an ordinary child of like age, intelligence and experience.

It is our opinion that reasonable men would not be expected to come to but one conclusion under the facts in the case at bar.

In the case of *Hollowell* v. *Greenfield* (1966), 142 Ind. App. 344, 216 N.E.2d 537, 542, 543, the appellee-plaintiff was an eleven year old boy who had three fingers torn off in the rollers of a drier at appellant's factory, and the court stated the rule on contributory negligence of a child of *sui juris* age, as follows:

"A jury properly instructed, can decide the issue of contributory negligence and without doubt the trial court has the power to rule on contributory negligence as a matter of law when the facts presented warrant such a ruling. Such a situation would require that the evidence would overwhelmingly establish and without grounds upon which reasonable men may differ that the child had the ability to realize and appreciate the danger and that the conduct was below that of an ordinary child of like age, intelligence and experience. *Indianapolis Railways* v. *Williams* (1944), 115 Ind. App. 383, 59 N.E.2d 586.

\* \* \*

Applying these rules to the evidence produced at the trial of this cause we are of the opinion that there was conflicting evidence and therefore this case was properly submitted to the jury. The question of what is a reasonable standard of care for an eleven year old boy is so troublesome it belies the imagination. The question presents itself as thus: would an eleven year old boy climb a dangerous tree; would he operate a bicycle in heavy traffic disregarding the rules of traffic; would he play with a loaded firearm given to him by another; or more appropriately would he stuff 'comic books' through a dangerous piece of machinery in a place to which he was brought and allowed to roam at will by persons who accumulated far more years and supposedly more maturity than he? It was for the jury to decide whether a youth of these tender years should demonstrate more foresight and wisdom to refrain from engaging in such a hazardous activity when his seniors who had given him the inclination and the opportunity failed to do so. Therefore we reject the appellants' contention that the boy was guilty of contributory negligence as a matter of law and we hold that the court properly allowed the question to be decided by the jury."

This rule is further fortified by the later case of *Bixenman* v. *Hall* (1968), 251 Ind. 527, 242 N.E.2d 837, 839, wherein our Supreme Court said:

"Indiana long ago adopted the rule that in negligence cases, the standard of care applicable to a child engaged in the type of activity characteristically engaged in by children is that degree of care that would ordinarily be exercised by children of like age, knowledge, judgment and experience under similar circumstances. . . ."

In the case of *Duvall* v. *Carsten-McDougall-Wingett, Inc.* (1973), 156 Ind. App. 553, 297 N.E.2d 861, 863, this court held:

> "Moreover, the question of contributory negligence is ordinarily one for the trier of fact. . . ."

An examination of the evidence in the case at bar establishes that reasonable men could differ on whether the evidence or reasonable inferences to be drawn therefrom showed that the appellee exhibited conduct which was below that of a child of like age, intelligence, and experience. The evidence permits different inferences to be drawn therefrom.

We are of the opinion that the court correctly submitted the question of contributory negligence to the jury as a question of fact for the jury's determination and correctly rejected appellant's contention that the boy was guilty of negligence as a matter of law.

The second issue relied on by appellant is that the evidence did not support a finding of negligence and the court erred in giving to the jury Final Instruction No. 14, which instruction is as follows, to-wit:

"Instruction No. 14

The plaintiff has the burden of proving the following propositions:

1. That the defendant was negligent in one or more of the following particulars:

A. In allowing the plaintiff to ride on the running board of his truck;

B. In failing to halt his truck to permit plaintiff to remount the same safely after the plaintiff had dismounted to open the gate;

C. In failing to keep a proper look-out for the plaintiff.

2. That the plaintiff was injured.

3. That the negligent act or omission of the defendant was a proximate cause of the injury to the plaintiff.

If you find from a consideration of all the evidence that these propositions have been proved by a preponderance of the evidence, then your verdict should be for the plaintiff.

However, if you find from a consideration of all the evidence that any of these propositions have not been proved by a preponderance of the evidence, or if you find from a preponderance of the evidence that the plaintiff himself was guilty of negligence which proximately contributed to his injury, if any, or incurred the risk of injury, your verdict should be for the defendant."

Appellant timely filed a written objection to said Instruction No. 14, charging there had been no sufficient evidence in the cause to allow the jury to consider the question of negligence of the defendant in allowing the plaintiff to ride on the running board of the truck, and for the further reason there was no evidence submitted giving the jury an issue as to negligence of the defendant in failing to halt his truck to permit the plaintiff to remount the same safely after he had opened the gate, and that there was not sufficient evidence submitted to create a jury question as to the defendant's keeping a proper lookout for the plaintiff. In conjunction with the objection to Instruction No. 14 defendant-appellant renewed his motion to withdraw the issues shown in Instruction 14, A, B, and C, of rhetorical paragraph 1.

A careful review of the evidence pertaining to the problems presented by this instruction discloses to the court that there was sufficient evidence to show or from which it could be readily inferred, that the defendant-appellant was negligent in the particulars set forth in the instruction. In our opinion the instruction was proper and the court did not commit any error in giving the same to the jury.

Appellant's third and last specification of error is that the court erred in giving plaintiff's Instruction No. 4 as amended, which is in the words and figures as follows, to-wit:

"A driver operating a motor vehicle in an area where he knows or should know that children are about has a duty to maintain such a lookout for such children in order that he may avoid injuring them, as a reasonable man would maintain under the same or similar circumstances."

To this instruction the defendant timely filed a written objection, charging it was a duplication of instructions, an

unfair comment on the evidence by the court in that it imposed a greater duty upon the defendant than which the law required; that said instruction was an improper statement of the law and was confusingly misleading to the jury.

Appellant contends the instruction imposes an absolute duty on the defendant to maintain a lookout to keep from injuring children. He also objects to the use of the word "children" rather than the word "plaintiff" when there is no evidence to support the existence of any other child in the vicinity where the defendant was operating the motor vehicle. Appellant is in error in this statement as there were at least two boys smaller than the plaintiff-appellee in the road near the gate, talking with plaintiff-appellee about bicycles.

Our Supreme Court held, in the case of *Indiana Harbor Belt Co.* v. *Jones* (1942), 220 Ind. 139, 41 N.E.2d 361, as follows:

"... We think the note in 14 Ind. L.J. 376 correctly stated 'the real basis upon which the child was there permitted recovery, i.e., that the probable presence of children upon property where a dangerous activity is being carried on, imposes a duty of ordinary care upon the owner of such property to anticipate their presence by keeping a look-out for them.'

This duty is more apparent where there is 'activity,' that is, where a car is being moved or machinery is being started which a child is not likely to anticipate. We do not think the duty is confined to children non sui juris, if by such are meant those under seven years of age. But it may also apply to older children whose presence the defendant has reason to expect. In such situations there may be complications arising from the question of contributory negligence which need not here be considered. We are now concerned only with the duty of the one who owns or controls the operation of the property upon or by which the injury occurs. If he is bound to know of the presence of children he must also know from common experience that they are frequently heedless of danger, and he ought not start in motion something that is likely to cause their injury. Some courts including our own have therefore distinguished between 'active' and 'passive' negligence. But we see no sound basis for the distinction. Negligence may be in acts

committed or omitted. And if the probable presence of the children raises a duty to them of ordinary care, this may be violated before the children arrive upon the premises, by leaving things undone which ought to have been done in anticipation of their coming. This may be 'passive' but nevertheless it is negligence."

It is our opinion that Instruction No. 4 is a correct statement of the law and that the trial court did not commit any error in submitting it to the jury.

Finding no error in the record the judgment is hereby affirmed.

Robertson, P.J. and Lybrook, J., concur.

NOTE.—Reported at 309 N.E.2d 443.