BOTTORFF *v.* THE SOUTH CONSTRUCTION COMPANY.

[No. 22,948.    Filed January 7, 1916.]

1. NEGLIGENCE.—*Injuries to Child.—Intervening Act of Older Child. —Complaint.—*A complaint charging that defendant negligently kept dynamite and explosives in a dilapidated frame building easily accessible by children, and that a boy fourteen years of age, while playing about said building, carried off a quantity of explosives and about a year later gave a portion of same to plaintiff, a child twelve years of age, who, while playing with same was injured, etc., was insufficient to constitute a cause of action against the defendant in the absence of allegations showing that the act of the older boy was not 'the intervention of a person *sui juris,* or of allegations tendering an issue of fact upon the question of his responsibility. pp. 222, 227.

2. NEGLIGENCE.—*Acts of Children.*—*Responsibility.*—The rule of responsibility applied in criminal cases, that children under seven years of age are conclusively presumed to be irresponsible, and that children between seven and fourteen years of age, though presumed to be irresponsible, may be shown to understand the nature of their acts, while those who have attained the age of fourteen are charged with the consequences of their acts the same as adults, applies also in negligence cases. p. 227.

From Clark Circuit Court; *Harry C. Montgomery*, Judge.

Action by Homer Bottorff, by his next friend Harvey Bottorff, against The South Construction Company. From a judgment for defendant, the plaintiff appeals. (Transferred from the Appellate Court under §1405 Burns 1914, Acts 1901 p. 590.) *Affirmed.*

*Edward C. Hughes* and *Scott & Hauger*, for appellant.

*George H. Voigt*, for appellee.

ERWIN, J.—This action was brought by appellant seeking to recover damages from appellee for personal injuries. The court below sustained a demurrer to the complaint. The ruling on this demurrer presents the only question for our consideration. The complaint, omitting formal parts, is as follows: "The plaintiff, Homer Bottorff, complains of the defendant, the South Construction Company, and says that the plaintiff is an infant twelve years of age and prosecutes this action by his father, Harvey Bottorff, his next friend. That the defendant is now and has been for more than two years last past, a corporation, doing business under the laws of the State of Indiana, and has been during said period the owner of certain real estate in Silver Creek Township, Clark County, Indiana, consisting of 25 acres more or less in Survey No. 90 of the Illinois Grant in said county. That

the defendant has located on said real estate a large
stone quarry, and mines and sells stone therefrom,
and for more than two years last past, the defendant
in operating said quarry, has maintained on said
real estate a large stone crusher and an engine to
operate the same, and other machinery used in the
mining and manufacturing of stone; and said de-
fendant has during said period also kept on said
premises large quantities of dynamite, dynamite
caps, and fuse, which are used in blasting the
stone in said quarry.   That said real estate,
with its said machinery and quarry, is located
adjacent to the town of Sellersburg, Clark
County, Indiana, and there are a large
number of dwellings nearby, and many children
live in said vicinity.   That said real estate, quarry
and machinery are not fenced in, and said machinery
and the noise of blasting in said quarry is attractive
to children, and children living in said vicinity,
with the defendant's knowledge, from time to time,
congregate and play on said premises.   That dur-
ing said period, said defendant has kept and stored
the dynamite caps, and fuse, used as aforesaid in a
small wooden, shackly building on said premises,
and which building had, during the month of Decem-
ber, 1911, and prior thereto, carelessly and negligent-
ly allowed to become dilapidated and out of repair,
that is to say, said defendant had knowingly al-
lowed several of the boards or siding on said build-
ing to become loose, and insecurely nailed on, and
two or three of said boards had entirely fallen off,
thereby exposing said caps, fuse and other explosives
in said building to plain view, and of easy access
to children attracted to said premises by said ma-
chinery and noise of blasting.   That all of the fore-
going facts were then and there, and during all of
said time well known to defendant, and defendant

knew that children were in the habit of congregating and playing on said premises.

That on the —— day of December, 1911, one Andrew Kock, a boy of fourteen years of age, and other boys, the plaintiff not included, attracted to said premises as aforesaid were playing near to and about said building where said caps, fuse and other explosives were stored; that by reason of the carelessness and negligence of the defendant in allowing said building to become out of repair, and said boards on the side thereof to fall off as aforesaid, the said boys discovered said caps, fuse and other explosives stored in said building as aforesaid, and the said Kock boy then and there reached his hand and arm into said building, and obtained a quantity of caps, fuse and explosives, a part of which caps and explosives the said Kock carried to his home in said town of Sellersburg, and placed them in a shed near his said home; that said caps and explosives were permitted to remain in said shed at the home of Kock till December —, 1912, when said Kock obtained said caps in said shed and gave a part of them to the plaintiff, at plaintiff's home in said town of Sellersburg. That plaintiff was then about twelve years of age and had no knowledge of the use and dangerous character of said caps, nor had he then and there any knowledge or information of the dangerous composition of said caps or their use, nor of the great peril and danger incurred in handling the same, and of holding a lighted match to the shell of one of said caps, nor was there anything in the construction or appearance of said caps to cause a child of the age of plaintiff to believe there was danger in handling the same. That in total ignorance of the danger and peril of handling said caps, the plaintiff then and there held a lighted match to the mouth of one of said caps, thinking the same was an ordi-

nary gun cap and harmless to touch off with a lighted match. That while so holding a match to the mouth of said shell or cap as aforesaid, and while the plaintiff was holding the same in his right hand it exploded with great force and violence and tore and mangled the thumb, first and second fingers of plaintiff's left hand to such an extent that it became necessary to amputate a part of each of said fingers. That said explosion also destroyed and put out the sight of the plaintiff's left eye. That the plaintiff's said injuries were received without any fault on his part and he was then and there totally ignorant of the danger of said cap from explosion, and that said injuries were due wholly to the carelessness and negligence of the defendant in keeping large quantities of caps and explosives in said open and insecure building, with the boards and planks off of the sides thereof as aforesaid, and which caused said caps and explosives to be exposed to the view of the said Kock and other children, and of access to them, and said children were tempted to obtain said caps by reason of their appearance being such as to attract children. That said injuries so caused and sustained by the plaintiff resulted in his being confined to his bed for a long time, and in his suffering intense pain, and causing him to undergo a painful surgical operation. That by reason of said injuries plaintiff is disabled and permanently injured and disfigured by the loss of his said three fingers and of his eye, and he has suffered great pain and mental anguish. Plaintiff says that by reason of said injuries so caused by defendant he has been damaged in the sum of five thousand dollars. Wherefore the plaintiff demands judgment against the defendant in the sum of five thousand dollars and for all other proper relief."

Vol. 184—15

The theory of appellant's complaint is that the storing of the dynamite caps on the premises in such a manner that they were of easy access, and that the machinery and operations of the plant of appellee were of such a nature as to attract children and young boys to the premises, constituted negligence on the part of appellee, and that by reason of such negligence appellant was injured. Appellee's contention is that the intervention of the fourteen-year-old boy who, it is alleged, took the caps from the shed wherein they were stored was the proximate cause of the injury; that the boy who took the caps was *sui juris*, and, therefore, the giving of the caps to appellant by the fourteen-year-old boy was the proximate cause of the injury and no liability for damages arises against appellee, from its failure to store its explosives so as to prevent any person from getting them. Appellee also contends that the act of appellant in applying a lighted match to the dynamite cap was the negligence which was the proximate cause of the injury sustained.

It will be noticed that there is no averment in the complaint that the fourteen-year-old boy was not *sui juris* or was defective mentally, or that he did not understand the nature of the caps which he secured from appellee's premises, or that he did not know of their dangerous character when he gave them to appellant. It must be conceded that, if it can be said as a matter of law that the fourteen-year-old boy was *sui juris* then his giving the dangerous cap to appellant was the direct or proximate cause of the injury complained of, as his act was in no way connected with the storage of the caps, except that he was enabled to procure them. The question of the immediate and mediate cause of injury was ably discussed by this court in *New York, etc., R. Co.* v. *Perriguey* (1894), 138 Ind. 414,

34 N. E. 233, 37 N. E. 976, and we here adopt what was said in that opinion on that subject

This court has held that a boy thirteen years old is liable for his torts, when wilfully committed. *Peterson* v. *Haffner* (1877), 59 Ind. 130, 26 Am. Rep. 81. It has been laid down by law-writers and the courts that the time of infancy is divided into three distinct periods, during each of which different presumptions prevail as to their responsibility for crimes committed; the first period is that up to the age of seven years, during which the infant is conclusively presumed to be incapable of understanding the nature of crime and can in no way be held responsible therefor; the second is that between the ages of seven and fourteen years. An infant between these ages is presumed to be incapable of committing crimes, but the presumption may be rebutted by proof that the infant possessed sufficient discretion to be aware of the nature of the act. The third period is after the age of fourteen years when the infant is presumed to be capable of committing crime, and can be held therefor the same as an adult. 22 Cyc 622, *et seq.*, and cases cited. It seems that the greater weight of authority is to the effect that the same rule applies in negligence cases. 29 Cyc 539. 2 Modern Am. Law 685, 686; *Kehler* v. *Schwenk* (1891), 144 Pa. St. 348, 13 L. R. A. 374, 27 Am. St. 633; *Coolbroth* v. *Pennsylvania R. Co.* (1904), 209 Pa. St. 433, 58 Atl. 808.

The fourteen-year-old boy, under the law, was guilty of trespass and larceny in taking the caps, and if he gave them to appellant, and appellant did not know of their dangerous character and was injured by an explosion, would be liable in damages to appellant. Neither the storage of the caps in the place alleged, nor the attractive

character of the premises was the cause of the injury. In fact, as far as the allegation of the complaint goes, appellant was not attracted to the premises.

It is insisted by appellant that the question of the mental capacity of the fourteen-year-old boy was a question for the jury, and it does not seriously insist that the act of this boy was not such an intervening agency, as would relieve appellee from liability provided the law would charge him with responsibility. If appellant desired to submit that question to the jury such appropriate averments should have been pleaded as would present an issue of fact on that proposition. *Roberts* v. *Terre Haute Electric Co.* (1906), 37 Ind. App. 664, 668, 76 N. E. 323, 895. The court did not err in sustaining the demurrer to the complaint. Judgment affirmed.

NOTE.—Reported in 110 N. E. 977. As to liability of person keeping or storing explosives, see 67 Am. St. 134. As to liability for injury to children from explosives left accessible to them, see 14 L. R. A. (N. S.) 586; 24 L. R. A. (N. S.) 1257; 42 L. R. A. (N. S.) 840. On the question, may the intervening act of a child break causal connection between negligence and injury, see 23 L. R. A. (N. S.) 249. As to the liability of owner to trespassing children injured by dangerous substances on premises, see 5 Ann. Cas. 503. See, also, under (1) 29 Cyc 499; (2) 29 Cyc 537, 540.