LESTER R. BIXENMAN *v.* ALICE B. HALL, ET AL.

[No. 20664—1267S209. Filed December 31, 1968. Rehearing denied March 14, 1969.]

528

*William F. Carroll, Carroll & Bielefeld,* of Crown Point, *Philip M. Cagen, Cagen & Andersen,* of Valparaiso, for appellant.

*Lawyer, Schroer & Eichhorn, William H. Eichhorn,* of Hammond, *Chester, Clifford, Hoeppner & Houran,* of Valparaiso, for appellees.

HUNTER, J.—On August 18, 1964, Dean Edward Bixenman, 13 years of age, was fatally injured while riding his bicycle when he was involved in a collision with an automobile driven by appellee Alice B. Hall and a truck owned by the Lake County Agricultural Society which was driven by one Merritt C. Busselberg. There was evidence in the record to indicate that young Bixenman was riding his bicylcle on the wrong side of the road at the time of the occurrence. The deceased boy's father, Lester R. Bixenman, brought this action for damages pursuant to Ind. Anno. Stat. § 2-217 (1968).

After trial by jury, the trial court gave the following instruction to the jury:

*Defendant's Instruction No. 12*

> A statute of the State of Indiana, in full force and effect at the time of the accident in controversy, provided as follows:
> "Driving to the left of center of roadway further limitations.— (a) No vehicle or bicycle shall at any time be driven to the left side of the roadway under the following conditions: When approaching within 100 feet of or traversing any intersection. . . ."
> If you find from a fair preponderance of the evidence in this case that at the time of the accident in controversy the Plaintiff's decedent failed to obey the provisions of this statute, then such conduct upon the part of the Plaintiff's decedent would constitute negligence.

*Plaintiff's Instruction No. 9*

If you find from a preponderance of the evidence that at the time of his death Dean E. Bixenman was a child 13 years of age, you are instructed that he was bound only to exercise such care for his own safety as would ordinarily be exercised by children of like age, knowledge, judgment and experience under the facts, circumstances and conditions disclosed by all of the evidence herein.

Defendant's Instruction 12, *supra,* was objected to by the Plaintiff-Petitioner on the ground that it is mandatory and allows the jury to find contributory negligence without consideration of the minor decedent's age, training, intelligence and experience and requires that the same standard of care be applied to the child involved in this case as would be applied to an adult.

On the basis of the instructions given by the trial court, including those quoted above, the jury returned a verdict for the defendant, Hall. On appeal, the Appellate Court affirmed the judgment of the trial court. With reference to whether a special standard of care should be applied to a child who violates a safety regulation, the Appellate Court stated:

"Upon a review of this issue, we find that it has been the subject of much litigation which advocates a special exemption for children under the statutory violation cases. (citing 174 A. L. R. 1171; 26 S. Cal. L. Rev. 355, 37 Texas L. Rev. 255, 3 Vand. L. Rev. 145, 48 Ky. L. J. 601)

"However, we believe that under Indiana law, no such special treatment for children exists." *Bixenman* v. *Hall* 1967), 141 Ind. App. 628, 231 N. E. 2d 530, 536.

The case is now before us on plaintiff-appellant's petition to transfer.

The Appellate Court bases its position that no special treatment for children exists in Indiana upon *Ewing* v. *Biddle* (1966), 141 Ind. App. 25, 216 N. E. 2d 863. However, the court in Ewing *expressly refused* to hold that age, intelligence and experience should not be considered in determining the standard of care of a child. In the Court's words:

"Appellants urge in the case at bar, the question of whether or not Richard Paul Ewing exercised reasonable care for his own safety, consideration should be made for his age and experience. We are not saying here that such an instruction would be erroneous but we might say as well that the same standard . . . could be urged in the case of elderly and infirm persons.

. . . (W)e find no substantial proof of negligence on the part of the appellee (defendant).

Thus, *Ewing* v. *Biddle, supra,* does not support the proposition for which it was cited by the Appellate Court.

The effect of the violation of a statute or ordinance upon a child's standard of care has never been specifically dealt with in Indiana, except to the extent that in *Ewing* v. *Biddle, supra,* the court stated that it would not label as erroneous an instruction on the age and experience of the child where violation of a statute by such child is the basis for a claim of contributory negligence.

Indeed, it was specifically stated in *Garatoni* v. *Teegarden* (1958), 129 Ind. App. 500, 154 N. E. 2d 379, that no Indiana case had been brought to the attention of the Court which discussed the effect of a child's violation of a statute or ordinance upon the standard of care to be applied to the child. Liability claims based upon or defended upon the basis of a violation of a safety statute have been and are today framed and disposed of in terms of negligence law. *Lee* v. *Dickerson* (1961), 131 Ind. App. 422, 171 N. E. 2d 698; *Freeport Motor Casualty Co.* v. *Chafin* (1960), 131 Ind. App. 362, 170 N. E. 2d 819; *Larkins* v. *Kohlmeyer* (1951), 229 Ind. 391, 98 N. E. 2d 896; *Hill* v. *Chicago I. & L. R. R.* (1919), 188 Ind. 130, 122 N. E. 321. As we recognized recently in the case of *Davison* v. *Williams* (1968), 251 Ind. 448, 242 N. E. 2d 101, the factor of "fault"—lack of reasonable care—is the factor upon which the presence or absence of negligence depends. It was held in Davison that where an adult person violates a safety regulation, the proof of that

violation will raise only a rebuttable presumption of negligence which can be overcome by proof that the party guilty of the violation exercised the care required of a reasonably prudent adult under similar circumstances. As noted, however, the Davison case involved an adult violator.

Indiana long ago adopted the rule that in negligence cases, the standard of care applicable to a child engaged in the type of activity characteristically engaged in by children is that degree of care that would ordinarily be exercised by children of like age, knowledge, judgment and experience under similar circumstances. *Tabor* v. *Continental Baking Co.* (1941), 110 Ind. App. 633, 38 N. E. 2d 257; *Town of Argos* v. *Harley* (1943), 114 Ind. App. 290, 49 N. E. 2d 552.

We believe it would be grossly illogical for this Court to apply this special standard of care to all cases where it would otherwise be applicable, notwithstanding the violation of a safety regulation by the child, and yet apply a consistent standard of care in all cases involving adults without regard to safety regulation infringements.

There is a further reason we believe logic demands that special consideration be given to children in negligence cases, even where a violation of a safety regulation is involved. If we were not to apply the special children's standard of care in cases such as the one before us, where the child has violated a safety regulation, the child would be held civilly liable for violating criminal statutes, but criminal responsibility therefor would be excused because of the age of the violator.

"In civil law, the infant is presumed not to have the adult's capacity to perceive danger; therefore, his conduct is measured by a special standard of behavior. In criminal law, the same infant is presumed incapable of committing a crime because he is presumed not to possess criminal intent. To declare that he is negligent per se in civil law, thereby depriving him of the usual consideration given in that sphere of the law, because he violated a criminal

statute, when the criminal law would give him special consideration were he accused in that sphere seems incongruous. Such a decision can only be rationalized and supported by strong policy reasons which go beyond the ordinary bases and reasoning justifying the use of negligence per se." See Mertz, *The Infant and Negligence Per Se in Pennsylvania*, 51 Dickenson L. Rev. 79.

In support of this view see *Calkins* v. *Albi* (Colo. 1967), 431 P. 2d 17; *Powell* v. *Hartford Accident & Indemnity Co.* (Tenn. 1966), 398 S. W. 2d 727; *Simmons* v. *Holm* (1961), 229 Ore. 373, 367 P. 2d 368; *Kuhns* v. *Brugger* (1957), 390 Pa. 331, 135 A. 2d 395.

It is admitted that children riding bicycles are subject to the motor vehicle code, where applicable, Ind. Anno. Stat. § 47-2101 *et seq.* However, even though the motor vehicle laws are applicable to children riding bicycles, it is nevertheless true that no child may be held criminally liable for a violation thereof until he reaches fifteen (15) years of age; and between the ages of fifteen (15) and eighteen (18) years of age, the child can only be held criminally liable after waiver of jurisdiction by the juvenile court. Ind. Anno. Stat. § 9-3214 (Supp., 1968). Therefore, if we do not apply the generally accepted rule that a special standard of care is to be applied to the conduct of a child engaged in youthful activities, we shall find ourselves in the somewhat questionable position of recognizing the lack of education perception and maturity inherent in youth for purposes of applying the state's criminal law, but ignoring those same factors in the application of the state's civil law.

The special standard of care applicable to children was developed before there were such potentially dangerous, adult-oriented instrumentalities as automobiles so readily available to minors. Note, *A Proposal for a Modified Standard of Care For the Infant Engaged in an Adult Activity*, 42 Ind. L. J. 405, 409 (1967). Today, children, especially teenaged children, are participating in an in-

creasing number of adult fields of conduct. For this reason an exception to the special standard of care rule has been created for cases in which a child causes an injury while engaging in an activity for which adult qualifications are required. *Dellewo* v. *Pearson* (1961), 259 Minn. 452, 107 N. W. 2d 859; *Betzold* v. *Erickson* (1962), 35 Ill. App. 2d 203, 182 N. E. 2d 342; *Dawson* v. *Hoffman* (1963), 43 Ill. App. 2d 17, 192 N. E. 2d 695; *Restatement (Second), Torts* § 283A, comment C (1965). Although this exception has not yet been expressly adopted by the courts of this state, it is supported by sound logic and strong policy considerations. We are in full agreement with it and believe that it should be adopted in an appropriate case.

In the present case, however, the adult activity exemption is not applicable since being present on a public street while riding a bicycle does not constitute what is generally considered an adult field of conduct.

It clearly appears that the most well-reasoned rule to adopt, and indeed the general rule adopted by the majority of the United States is that where a minor is charged with negligence or contributory negligence by reason of his violation of a safety statute while engaged in an activity not requiring adult qualifications, the standard of care to be applied to such minor is that degree of care which would ordinarily be exercised by a child of the same age, experience, intelligence and educational level. See Annotation 174 A. L. R. 1170. Except where a minor is engaged in conduct which is adult in nature, which requires that maturity of action and judgment be exercised for the safety of the public,

"To exact of the infant an adult standard of care for the protection of his own safety or the safety of others would be to require him to exceed his capabilities and to exercise reason he does not have." Note, 42 Ind. L. J. 405 at 408.

In passing, we note that the rules regarding order of proof and rebuttable presumptions so recently approved by this

Court in *Davison* v. *Williams, supra,* can easily be followed in cases involving an infant violator of a safety regulation. Proof of such a violation by the child will raise a rebuttable presumption of negligence which the child must then overcome by proof that in spite of the violation, he exercised that degree of care which would ordinarily be exercised by a child of the same age, experience, intelligence and educational level.

For all of the foregoing reasons, the decision of the Appellate Court insofar as it affirmed the jury's verdict in favor of defendant Alice B. Hall must be reversed. As to defendants Lake County Agricultural Society and Merritt C. Busselberg, we hold that the Appellate Court correctly held that the trial court was not in error in directing a verdict in their favor.

Therefore, the Petition to Transfer is granted and the decision of the Appellate Court is affirmed as to defendants Merritt C. Busselberg and Lake County Agricultural Society, and reversed as to defendant Alice B. Hall. The cause is therefore remanded to the trial court for proceedings not inconsistent with this opinion.

Petition to Transfer Granted and Judgment Affirmed in Part and Reversed in Part.

Lewis, C. J., DeBruler and Jackson, JJ., concur.

Arterburn, J., dissents.

NOTE.—Reported in 242 N. E. 2d 837.