**Todd KUROWSKY, Appellant (Defendant Below),**

v.

**Sherry DEUTSCH, Appellee (Plaintiff Below).**

No. 34A02–8612–CV–452.

Court of Appeals of Indiana, Second District.

Feb. 8, 1988.

Rehearing Denied March 9, 1988.

Thomas J. Trauring, Fell, McGarvey & Trauring, Kokomo, for appellant.

Daniel J. Harrigan, Bayliff, Harrigan, Cord & Maugans, Kokomo, for appellee.

SHIELDS, Presiding Judge.

Todd Kurowsky, the defendant, appeals the jury verdict in favor of Sherry Deutsch, the plaintiff, in a negligence action.

## FACTS

On April 20, 1984, at approximately 6:00 p.m., Sherry Deutsch suffered personal injuries when the bicycle she was riding collided with a bicycle ridden by Todd Kurowsky, a nine-year-old child. Deutsch filed an action claiming the collision occurred because Kurowsky failed to yield the right-of-way and did not keep a proper lookout before exiting a driveway into the street upon which she was traveling. Kurowsky denied liability and further claimed Deutsch was contributorily negligent. The jury returned a verdict awarding Deutsch $26,000.00.

## ISSUE

The issue on appeal is whether the trial court erred in giving two jury instructions over Kurowsky's objection. We reverse.

## DISCUSSION

The first contested jury instruction, final instruction no. 9, reads as follows:

A series of statutes of the state of Indiana in full force and effect at the time of the accident in controversy provide as follows:

9–4–1–14. Highways.—(a) Street or highway: the entire width between the boundary lines of every way publicly maintained when a part thereof is open to the use of the public for purposes of vehicular traffic.

(b) Private road or driveway: every way or place in private ownership and used for vehicular traffic traveled by the owner and those having expressed or implied permission from the owner but not by other persons.

9–4–1–21. Right-of-Way.—Right-of-Way. The privilege of the immediate use of the highway.

9–4–1–94. Traffic laws apply to persons riding bicycles. Every person riding a bicycle upon a roadway shall have all of the rights and all of the duties under the provisions of this chapter applicable to the driver of the vehicle except as to special regulations of this article, and except as to those provisions of this chapter which by their nature can have no application.

9–4–1–84. Entering highway from private road or driveway: the driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway.

If you find from a fair preponderance of the evidence in this case that at the time of the accident in controversy, the defendant, Todd Kurowsky, failed to obey the provisions of these statutes without excuse or justification, then such conduct upon the part of Todd Kurowsky could constitute negligence unless you also find that in spite of the violation, he exercised that degree of care which would ordinarily be exercised by a child of the same age, experience, intelligence, and educational level.

Rec. at 62. Kurowsky asserts this instruction is erroneous for two reasons. First, Kurowsky claims the statutory duty to yield before entering a highway is inapplicable to a bicyclist exiting a private driveway. Second, Kurowsky argues use of the words "could constitute negligence" improperly conveys the impression to the jury that a nine-year-old bicyclist can be negligent by virtue of his violation of an adult motor vehicle safety statute.

■ "A jury instruction which misstates the law will serve as grounds for reversal where the jury's verdict could have been based on the erroneous instruction." *Whitaker v. Kruse* (1986), Ind.App., 495 N.E.2d 223, 225. Thus, for reversal, two conditions must be met; first, the jury instruction must misstate the law and second, the erroneous instruction must result in prejudice to the appellant. *Indiana St. Highway Comm. v. Vanderbur* (1982), Ind. App., 432 N.E.2d 418, 423. Before examining the possibility of prejudice to Kurowsky, then, we must determine whether this jury instruction misstated the law. We conclude it did for the second of the two reasons proffered by Kurowsky.

Kurowsky first argues the trial court erred in giving final instruction no. 9 because the quoted statute, IC 9–4–1–94 (Burns 1987) is applicable to bicycles only when they are ridden upon a roadway, (IC 9–4–1–94 and 9–4–1–14 (Burns 1987]), while he was charged with exiting a private driveway.

■ With certain inapplicable exceptions,[1] IC 9–4–1–94 imposes the duties applicable to drivers of a vehicle upon persons riding a bicycle upon a roadway. Inasmuch as a roadway is defined as "[t]hat portion of a highway improved, designed, or ordinarily used for vehicular travel," (IC 9–4–1–14(c)) a bicyclist upon a private road is exempt from these duties. However, contemporaneous with the bicycle 'touching' the roadway, the bicyclist falls within the purview of IC 9–4–1–84. At that in-

---

1. IC 9–4–1–94 (Burns 1987) excepts bicyclists from the rights and duties of the motor vehicle laws found in Chapter 1 of Title 9, Article 4 as to special regulations of Article 4 and as to the provisions of Chapter 1 which by their nature cannot apply to bicyclists. Section 84 does not fall within either exception.

stant the bicyclist is "about to enter or cross a highway from a private road or driveway," and, accordingly, has the duty to yield the right of way to approaching vehicles. Therefore, in our opinion, the statutory reference is not in itself erroneous. *But see Thornton v. Pender* (1978), 268 Ind. 540, 552, 377 N.E.2d 613, 621.

■ Next, Kurowsky argues the instruction erroneously advised the jury he could be found negligent by virtue of his violation of an adult motor vehicle safety statute. We agree.

The standard of care imposed upon children is distinct from that imposed upon adults and is applicable to a child riding a bicycle even though bicyclists in general are subject to the motor vehicle code. *Bixenman v. Hall* (1968), 251 Ind. 527, 242 N.E.2d 837. In *Bixenman,* the supreme court adopted the generally-held rule that "where a minor is charged with negligence or contributory negligence by reason of his violation of a safety statute while engaged in an activity not requiring adult qualifications, the standard of care to be applied to such minor is that degree of care which would ordinarily be exercised by a child of the same age, experience, intelligence and educational level." *Id.* 242 N.E.2d at 840.[2]

The standard of care for a child involved in an accident implicating the motor vehicle code was the issue in *Baller By Baller v. Corle* (1986), Ind.App., 490 N.E.2d 382. Discussing *Bixenman,* the *Baller* court said the "*Bixenman* decision stands for the proposition that the violation of a statute by a child must be considered in the light of the 'special consideration' [given to children] and not in the light of any presumption of negligence." *Baller,* 490 N.E.2d at 385. In *Baller,* this court held the trial court erred in advising the jury that if it found the seven-year-old plaintiff violated a pedestrian statute, without excuse or justification, his conduct created a presumption of contributory negligence which he could

overcome by proving by a preponderance of the evidence, that "in spite of the violation, he exercised such care for his own safety which would ordinarily be exercised by a child of the same age, expertise, intelligence and educational level." *Id.* at 385, n. 1. This court considered the presumption language in the instruction particularly egregious when coupled with the erroneous advice the child bore the burden of proving he exercised due care under the circumstances.

Thus, a statutory violation by a child is not negligence *per se* because of the special child's standard. Instead, the violation is simply another factor to be considered by the fact finder in resolving the issue of whether the child's conduct conformed to the child's standard. Thus, a jury must be instructed that the violation of a relevant statute is evidence of negligence *only* if the jury *first finds* a reasonable child of the same age, intelligence, maturity and experience would not have acted in violation of a relevant statute under the same circumstances. *Thornton,* 377 N.E.2d 613. Of course, the party who asserts the child's conduct did not so conform bears the burden of proof upon the issue.

Final instruction no. 9 suffers an infirmity similar to that of the *Baller* instruction. It first advised the jury that if it found, by a preponderance of the evidence, that Kurowsky violated the statute, without excuse or justification, his violation could constitute negligence. This is an incorrect statement of law because the violation could not constitute negligence unless the jury first found that Deutsch proved, by a preponderance of the evidence, that a reasonable child of the same age, intelligence, maturity and experience as Kurowksy would not have acted in violation of the statute under the same circumstances.

This incomplete and, therefore, incorrect statement is not cured by the further statement "unless you also find that in spite of the violation, [Kurowsky] exercised that de-

---

**2.** This standard recognizes a child's immaturity of judgment and lack of capacity to appreciate danger in comparison to the judgment, discretion and experience of an adult and is applicable to children except when they engage in an activity, such as operating a motor vehicle, for which adult qualifications are required. *Bixenman v. Hall* (1968), 251 Ind. 527, 242 N.E.2d 837.

gree of care which would ordinarily be exercised by a child of the same age, experience, intelligence, and educational level." The preface of the clause, "unless you also find," advised the jury that before the mere statutory violation could not constitute negligence, they must affirmatively find that, in spite of the violation, Kurowsky complied with the special child's standard of care.

An affirmative finding requires evidence from which the finding may be made by a preponderance of the evidence. Under this instruction the burden of proving Kurowsky's conduct complied with the special child's standard could only fall upon Kurowsky. Certainly, Deutsch was not going to offer evidence of compliance because to do so would defeat her claim. That fact would have been readily apparent even to a lay jury, particularly when the jury also has been advised Deutsch's burden is to prove the negative, i.e., lack of compliance.[3] Logically, then proof of the positive, i.e., compliance, was upon Kurowsky. Thus, final instruction no. 9 is an incorrect statement of law because it erroneously shifted the burden of proof on the question of Kurowsky's exercise of a child's standard of reasonable care from Deutsch to Kurowsky in the context of a statutory violation. Instead, the instruction should have advised the jury that only if the jury first found, by a preponderance of the evidence, that a child of the same age, intelligence, maturity and experience as Kurowsky would have conformed his conduct to the statutory standard, and he did not, without excuse or justification, could that omission constitute evidence of negligence.

Next we must determine whether final instruction no. 9 was prejudicial to Kurowsky. The relevant test for determining this is whether the jury's verdict *could* have been based on the erroneous instructions. *Whitaker*, 495 N.E.2d at 225. Put differently, "An erroneous instruction will be presumed to have influenced the result in a

trial unless it appears that the verdict could not have been different under proper instructions." *Zimmerman v. Moore* (1982), Ind.App., 441 N.E.2d 690, 693. If an erroneous instruction is not "mere surplusage" and could have affected the jury's decision, we must reverse. *State Exchange Bank of Culver v. Teague* (1986), Ind.App., 495 N.E.2d 262, 270–71.

■ In the instant case, the jury was specifically advised one of Deutsch's theories was that Kurowsky was negligent in failing to yield the right-of-way to her oncoming bicycle as he exited a private driveway on his bicycle. Final instruction no. 9 effectively, but erroneously, told the jury Deutsch could satisfy her burden of proving Kurowsky failed to exercise the care required by the special child standard by evidence of a statutory violation and nothing more. This advice unquestionably could have impacted upon the jury's verdict. Consequently, we must reverse the judgment and remand for a new trial.

■ Kurowsky also argues final Instruction no. 4 is an incorrect statement of the law because it erroneously advised the jury Deutsch could assume, until notice to the contrary, that Kurowsky would not violate a traffic statute applicable to bicyclists. Because of the necessity of a new trial, we address Kurowsky's concerns. The instruction read, in relevant part:

One lawfully operating a bicycle at the time and place in question is not bound to anticipate that any other bicyclist would fail to obey the law.... In the absence of notice or knowledge to the contrary, a bicyclist may assume that other bicyclists will obey the law, and is not bound to anticipate, or guard against any sudden statutory violation ... on the part of another bicyclist.

Record at 59.

Because of the special child standard of reasonable care, an adult bicyclist may not

---

3. Final instruction no. 1, in relevant part, read:
   The Plaintiff has the burden of proving ... the Defendant failed to exercise such care as would ordinarily be exercised by a child of like age, knowledge, judgment and experience in one or both of the following particulars: (1) failing to yield the right-of-way to Plaintiff....
   Record at 71.

assume a child bicyclist will obey the law, *i.e.*, the statute, because a child has no such duty merely because the statute exists. That assumption is valid only with reference to adult bicyclists who, in the exercise of reasonable care, must conform their conduct to law, *i.e.*, the statute. A bicyclist of Kurowsky's age does not necessarily have this obligation. He must only conform his conduct to that care which would ordinarily be exercised by a child of the same age, experience, intelligence and educational level. Therefore, once an adult has notice or knowledge of a child bicyclist, the assumption described in final instruction no. 4 is no longer valid. While the instruction may attempt to state this caveat by the phrase, "[i]n the absence of notice or knowledge to the contrary," the phrase refers to notice or knowledge of a violation of statute rather than notice or knowledge of a child bicyclist. Therefore, the instruction is an incorrect statement of the law.

It also suffers another defect. Because the instruction is party neutral, it allowed the jury to infer that if Kurowsky was not operating his bicycle in accordance with the law, *i.e.*, the statute, he was not entitled to rely upon Deutsch obeying the law in operating her bicycle, and, therefore, was bound to anticipate, or guard against her sudden statutory violation. Again, Kurowsky had no *per se* duty to operate his bicycle in accordance with any statute.

Because this instruction is an incorrect statement of law, and could have impacted upon the jury's verdict, it, too, constitutes reversible error.

Judgment reversed and cause remanded for a new trial.

SULLIVAN and ROBERTSON, JJ., concur.