Todd KUROWSKY, Appellant
(Defendant),

v.

Sherry DEUTSCH, Appellee (Plaintiff).

No. 34S00–8902–CV–125.

Supreme Court of Indiana.

Feb. 9, 1989.

Alan D. Wilson, Thomas J. Trauring, Fell, McGarvey & Trauring, Kokomo, for appellant.

Daniel J. Harrigan, Bayliff Harrigan Cord & Maugans, P.C., Kokomo, for appellee.

DeBRULER, Justice.

This is an appeal from a judgment for the plaintiff in a negligence case involving the collision of two bicycles in the street. The case was tried before a jury. The allegations of negligence on the part of the defendant in the jury instructions were (1) failing to yield the right of way to plaintiff as required by I.C. 9–4–1–84 and (2) failing to keep a lookout for traffic on the street before bicycling from the driveway onto the street. The allegations of contributory negligence on the part of the plaintiff were (1) the failure to keep a proper lookout and (2) operating on the wrong side of the street in violation of I.C. 9–4–1–65.

The Second District of the Court of Appeals reversed the judgment and ordered a new trial because two erroneous instructions were given to the jury. *Kurowsky v. Deutsch* (1988), Ind.App., 518 N.E.2d 1111. The petition of appellee Deutsch for transfer is granted.

The evidence at trial upon which the jury was warranted in rendering its verdict for the plaintiff shows the following. The plaintiff was a 35 year old executive riding a high-tech bicycle in high-tech clothing, listening to music on a cassette player. She entered Stratford Drive properly travelling east in the middle of the right lane of travel, and noticed two children in a go-cart ahead of her going in the same easterly direction. Stratford Drive was located in a residential subdivision in which there were no sidewalks. She proceeded a short distance up the street, approaching the go-cart, when the nine-year-old defendant rode his bicycle out of a driveway from the right in a northerly direction in pursuit of his playmates in the go-cart and into the path of plaintiff, colliding with plaintiff. It was daylight and dry and views were not obstructed. Plaintiff was knocked unconscious and suffered several broken bones, with resulting permanent impairments.

Appellant first contends that the trial court committed error in giving plaintiff's Instruction No. 9. Such instruction reads:

A series of statutes of the State of Indiana, in full force and effect at the time of the accident in controversy, provided as follows:

9-4-1-14. Highways.—(a) Street or Highway. The entire width between the boundary lines of every way publicly maintained when any part thereof is open to the use of the public for purposes of vehicular travel.

(b) Private Road or Driveway. Every way or place in private ownership and used for vehicular travel by the owner and those having express or implied permission from the owner but not by other persons.

9-4-1-21. Right-of-Way.—Right-of-Way. The privilege of the immediate use of the highway.

9-4-1-94. Traffic laws apply to persons riding bicycles.—Every person riding a bicycle upon a roadway shall have all of the rights and all of the duties under the provisions of this chapter applicable as to those regulations of this article, and except as to those provisions of this chapter which by their nature can have no application.

9-4-1-85. Entering highway from private road or driveway.—The driver of a vehicle about to enter or cross a highway from a private road or driveway shall yield the right-of-way to all vehicles approaching on said highway.

If you find from a fair preponderance of the evidence in this case that at the time of the accident in controversy the Defendant, Todd Kurowsky, failed to obey the provisions of these statutes, without excuse or justification then such conduct upon the part of Todd Kurowsky could constitute negligence, unless you also find that in spite of the violation, he exercised that degree of care which would ordinarily be exercised by a child of the same age, experience, intelligence and educational level.

Pursuant to Rule 51(C) of the Rules of Trial Procedure, defense counsel objected to this instruction on the basis that first it places a nonexistent statutory duty to yield on a bicyclist exiting a private property onto a public street, and second because it incorrectly allowed the jury to conclude that the infant defendant was negligent if he violated the statute.

In deciding this issue, we first determine whether the instruction constitutes an erroneous statement of the law as contended in the objection made below. If it is so erroneous, a reversal is warranted unless the court on appeal concludes that the error was harmless, in the sense that it did not impinge upon the substantial rights of the party. *Chaffee v. Clark Equipment Co.* (1986), Ind., 496 N.E.2d 84. *Board of County Commissioners of County of St. Joseph v. Arick* (1985), Ind.App., 477 N.E.2d 112.

■ I.C. 9-4-1-84 places a duty upon the operator of a vehicle to yield the right of way when about to enter or cross a highway from a private driveway. I.C. 9-4-1-94 imposes vehicular traffic regulations upon persons riding bicycles "upon a roadway". Since a roadway is otherwise defined as a publicly maintained way used for

vehicular travel, I.C. 9–4–1–14(c), appellant contends that bicyclists upon a private driveway are exempt from the duty in I.C. 9–4–1–85 to yield the right of way, and that plaintiff's Instruction No. 9 was erroneous in assigning that duty to him. This question was left undecided in *Thornton v. Pender* (1978), 268 Ind. 540, 377 N.E.2d 613. A traffic regulation should receive a reasonable construction consistent with its purpose. *Conder v. Griffith* (1916), 61 Ind. App. 218, 111 N.E. 816. The interest of persons riding bicycles upon public and private ways at their points of convergence are not distinct from such interests of those operating vehicles. These are common intersections requiring regulation. The duty to yield right of way is a just rule satisfying this need. Conduct violating the duty to yield would include the continuous motion and operation of a vehicle through the imaginary plane at the boundary of the highway and the private driveway. We therefore hold, in agreement with the trial court and the Court of Appeals, that there is a statutory duty upon bicyclists to yield when about to enter or cross a highway from a private driveway, and the instruction was a correct statement of law in this regard.

Appellant next contends that plaintiff's Instruction No. 9 was erroneous wherein it stated that a failure of the defendant to obey the statutory provision requiring the right of way to be yielded, without excuse or justification, "could constitute negligence, unless you also find that in spite of the violation, he exercised that degree of care which would ordinarily be exercised by a child of the same age, experience, intelligence and educational level." Appellant argues that he is a child and, under this Court's holding in *Bixenman v. Hall* (1968), 251 Ind. 527, 242 N.E.2d 837, is entitled to have his conduct, alleged to be in violation of a traffic regulation, judged on the basis of a child's standard of care and free of any presumption of negligence.

An analysis of this instruction commences with the law of negligence applicable to the conduct of adults which violates a statute or ordinance enacted for the purpose of safety announced in *Northern*

*Indiana Transit v. Burk* (1950), 228 Ind. 162, 89 N.E.2d 905. This Court considered a traffic regulation requiring vehicles to be stopped or parked within twelve inches of the curb. The Court first considered the nature of the conduct regulated, placing it in a broad and historical perspective, and concluded that a violation of the regulation was of such a nature that it constituted only *prima facie* evidence of negligence which could be rebutted by evidence showing excuse for the violation. The Court next examined the evidence at trial and concluded that since the defendant did not present evidence showing an excuse for noncompliance with the statutory direction, an instruction to the jury that the violation of the statute was negligence as a matter of law, which is to say negligence *per se*, was not error. If such evidence had been present, the instruction would have been error, and the case should then have gone to the jury on the instruction that the violation was *prima facie* negligence and could be excused if the defendant came forward with evidence that showed an excuse or justification. The nature of an excuse or justification was stated in *Larkins v. Kohlmeyer* (1951), 229 Ind. 391, 98 N.E.2d 896, 900:

> The rule was well stated in *Bush v. Harvey Transfer Co.*, 1946, 146 Ohio St. 657, 67 N.E.2d 851, 855, as follows: "A legal excuse, precluding liability for injuries resulting from the failure to comply with the statutory requirements respecting the operation of a motor vehicle on the public highways, must be something that would make it *impossible* to comply with the statute, something over which the driver has no control, an emergency not of the driver's making causing failure to obey the statute, or an excuse or exception specifically provided in the statute itself.

The procedure approved by the *Burk* case, would require a court in deciding how to instruct a jury, to first consider whether the statute is such that a violation of it would be negligence in any context. If it is, the court must next consider whether the evidence is such that it warrants sub-

mission of the case on a negligence *per se* instruction or a *prima facie* evidence of negligence instruction. *Larkins v. Kohlmeyer, ·supra.* In the event the latter option is used, the jury should also be instructed that the burden is upon the defendant to present evidence and prove that the violation should be excused because of an excuse or justification. The Court in *Larkins v. Kohlmeyer, id.,* went on to provide an example:

> In such cases we think it would be proper to instruct the jury that if they find from a fair preponderance of the evidence that the defendant violated the provisions of the statute, he was guilty of negligence, unless they further find from a fair preponderance of the evidence that compliance was impossible or noncompliance was excusable.

While the *Burk* opinion does make reference to the common law right to stop at reasonable places in a reasonable manner as an incident of the right to travel, *Burk* 89 N.E.2d at 909, the conclusion is unavoidable from these cases, that in neither situation, is there a reason for a court to instruct the jury on the reasonable standard of care. The jury simply has no occasion to apply that standard in determining whether conduct violating a statute has occurred or in determining whether circumstances existed which should excuse any violation.

This condition of the law persisted until this Court's recognition in *Davison v. Williams* (1968), 251 Ind. 448, 242 N.E.2d 101, that a party seeking to show an excuse or justification for the violation of a duty prescribed by statute or ordinance, may present evidence to show that the violation was "what might reasonably be expected of a person of ordinary prudence, acting under similar circumstances, who desired to comply with the law." Id. 242 N.E.2d at 105. This conception of the perimeters of excuse or justification exceeds the one previously approved in *Larkins v. Kohlmeyer, supra,* which was limited to matters rendering conformance to the statutory stan-

dards impossible and to matters beyond the control of the party.[1] Under the new conception, in order for the jury to resolve the issue of whether or not the violation was excused or justified in this additional sense when such evidence is presented, an instruction defining this standard of care is necessary. The burden of proof upon the issue of whether the noncompliance is to be excused or justified, is upon the party whose noncompliance has been shown. *Northern Indiana Transit v. Burk, supra.* This is so under all branches of excuse or justification, including that which sanctions proof of due care.

The burdens of proof and of coming forward with evidence do not change merely because the party alleged to be negligent is a child. However, consideration must be given to the possibility that the child may be of such tender years so as to be incapable of forming a desire to comply with the law. Thus, in a case where the noncompliance by a child has been shown, the burden rests with the child to come forward with evidence and show that "he exercised that degree of care which would ordinarily be exercised by a child of the same age, experience, intelligence and educational level." *Bixenman v. Hall* (1968) 251 Ind. 527, 242 N.E.2d 837. The special consideration due children in this context is provided for in this manner. The general format for instructions in cases involving adult noncompliance and child noncompliance, where proof of excuse or justification is offered, is the same.

Appellant contends in the case on appeal, that the Instruction No. 9 is an erroneous statement of the law, because it saddles him with a presumption of negligence and robs him of a presumption that he cannot be negligent. *Bottorf v. South Construction Co.* (1915), 184 Ind. 221, 110 N.E. 977; *Baller By Baller v. Corle* (1986), Ind.App., 490 N.E.2d 382. The instruction can be condemned on neither ground. The statements of general law in the *Bottorf*

---

**1.** It is arguable that traditional negligence *per se* is no longer legally viable in Indiana after the *Davison* decision, although we do not so hold here. That is, we are not prepared to say that every violation of a safety statute or regulation is always subject to excuse or justification in a civil action for negligence.

case meaning that children between the ages of seven and fourteen years are presumed, subject to rebuttal, to be incapable of committing acts of negligence, are not made as expressions in jury instructions, nor in the context of an alleged violation of a statutory duty by a child. Furthermore, such statements must be deemed to be restrained by the more recent and specific statements regarding burdens of proof and coming forward with evidence in *Bixenman v. Hall*, 251 Ind. 527, 242 N.E.2d 837, 841:

> Proof of such violation by the child will raise a rebuttable presumption of negligence which the child must then overcome by proof that in spite of the violation, he exercised that degree of care which would ordinarily be exercised by a child of the same age, experience, intelligence and educational level.

Read together, the *Bixenman* and *Davison* cases hold that in a civil action for negligence if the evidence warrants it, a jury must be instructed that where a child has disobeyed a statute, he may excuse or justify the violation by sustaining the burden of showing the violation occurred despite his exercise of that degree of care which would ordinarily be exercised by a child of the same age, experience, intelligence and educational level. *Bixenman* 242 N.E.2d at 841; *Davison* 242 N.E.2d at 105.

The instruction condemned in the *Baller* case[2] was very nearly correct, in that it expressly advised that the child's violation of the statutes without excuse or justification, "would constitute a presumption of contributory negligence" on the part of the plaintiff child, *Baller* at 385–386, n. 1. However it failed in three respects. First, its phrasing suggested that a defendant who alleged a child plaintiff was contributorily negligent by reason of the child's violation of a statute had the burden of proving the violation was without excuse or

justification. Second, it suggested that the special standard of care applicable to a child in a negligence action was a consideration separate from excuse or justification. As made clear above and in the *Bixenman* decision, that special standard of care becomes part of the excuse or justification analysis. Third, the instruction failed to frame the child's behavior in terms of an excuse or justification for the violation. Although the language was culled directly from the *Bixenman* decision, the phrasing there is somewhat misleading. The inquiry should not be whether the party alleged to be negligent violated the regulation in a careful manner, but whether in spite of the exercise of reasonable care the violation nonetheless occurred. This comports better with the rule in *Davison* that under similar circumstances a reasonable person who desired to comply with the law would have acted the same way as the person charged with negligence.

The instruction here requires the child to first be placed in a class which "could" be deemed negligent as a preliminary and conditional matter, and then immediately requires him to be removed from that class upon a finding that he did act so as to conform to the standard of care applicable to children. At no point does it require the child to be kept within the negligent class. While the instruction contains many of the flaws of the instruction in *Baller*, the changes suggested here would only create a greater burden for the appellant-defendant on remand and therefore giving the instruction could not have prejudiced him. Under the circumstances, it was not reversible error to give Instruction No. 9.

■ Appellant next claims that the trial court committed error when giving Final Instruction No. 4. Such instruction as

---

2. The instruction provided, in part:
   "If you find from a preponderance of the evidence that the plaintiff, Charles Baller IV, violated either of these statutes, on the occasion in question and that the violation was without excuse or justification, then such conduct would constitute a presumption of contributory negligence on the part of Charles

Baller IV. In order to overcome the presumption of contributory negligence, plaintiff ... carries the burden of proving, by a preponderance of the evidence, that in spite of the violation he exercised such care for his own safety which would ordinarily be exercised by a child of the same age, experience, intelligence and educational level...."

modified by the trial court provides in pertinent part:

"One lawfully operating a bicycle at the time and place in question is not bound to anticipate that any other bicyclist would fail to obey the law, or fail to exercise ordinary and reasonable care under the circumstances. In the absence of notice or knowledge to the contrary, a bicyclist may assume that other bicyclists will obey the law, and is not bound to anticipate, or guard against, any sudden statutory violation, or other negligent act, on the part of another bicyclist."

Appellant contends that this instruction is an erroneous statement of law, misleading, and confusing, in that it does not address the rebuttable presumption and suggests the application of adult standards to the conduct of children constituting statutory violations. This instruction is related to Final Instruction No. 9 which informed the jury regarding the steps it should take and the standards it should apply, in determining whether a child should be subjected to liability for violating a safety statute.

This instruction is also related to two other instructions which stated and explained the standard of care for children. These instructions were applicable to the separate claim that appellant had breached a common law duty, as well as the statutorily defined one. There is no misleading or inappropriate inconsistency between these various instructions, relating to Instruction No. 4, and Instruction No. 4 is not subject to the defects which have been raised and argued.

The judgment of the trial court is affirmed.

SHEPARD, C.J., and PIVARNIK and DICKSON, JJ., concur.

GIVAN, J., votes to deny transfer.